IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA LYNN STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 2741 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| VILLAGE OF RICHTON PARK, and | ) | |
| CHIEF ELVIRA P. WILLIAMS | ) | |
| YANCEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that she was terminated from her job with the Village of Richton Park because of her race, age, and disability in violation of Title VII, 42 U.S.C. §§ 1981 and 1983, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss.

In deciding the motion, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To the extent plaintiff sues the police chief in her individual capacity under Title VII, the ADA, and the ADEA, the claims are dismissed because, as plaintiff admits (*see* Pl.'s Resp. Mot. Dismiss at 4), those statutes do not contemplate personal liability. *See Horwitz v. Bd. of Ed. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) ("Horwitz has brought her ADEA

and retaliation claim based on the ADEA against only the Board. She has properly done so, as we have suggested that there is no individual liability under the ADEA."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer"); *EEOC v. AIC Sec. Investigations, Inc.*, 55 F.3d 1276, 1282 (7th Cir. 1995) ("We hold that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA.").

Plaintiff's §§ 1981 and 1983 claims against the police chief in her official capacity and the Village, which are really just a claim against the Village, *see Kentucky v. Graham*, 473 U.S. 159, 165 (1985), are also infirm. To state a viable claim against the Village under these statutes, plaintiff must allege that her injury was the result of a Village custom, policy or practice. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735-36 (1989) (§ 1981); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (§ 1983). Plaintiff makes no such allegations. Thus, the Court dismisses these claims.

The Village also argues that plaintiff's §§ 1981 and 1983 claims against the police chief must be dismissed because plaintiff does not allege facts that suggest the chief intentionally discriminated against plaintiff because of her race. *See Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 312 (7th Cir. 1996) ("[T]o prevail [on a § 1981 claim], a plaintiff . . . must prove that she has been the victim of intentional discrimination."); *Trigg v. Fort Wayne Cmty. Schs.*, 766 F.2d 299, 300 (7th Cir. 1985) (stating that "[t]he Fourteenth Amendment's Equal Protection Clause prohibits intentional discrimination based on membership in a particular class"). The Court disagrees. Read liberally, as this *pro se* pleading must be, *see McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010), plaintiff's complaint sufficiently alleges that she was the victim of intentional

race-based discrimination. Accordingly, the Court denies defendants' motion to dismiss the §§ 1981 and 1983 individual capacity claims.

Finally, the Village asks the Court to dismiss any claim for punitive damages plaintiff asserts against it. Because plaintiff says she only seeks punitive damages against the police chief in her individual capacity (*see* Pl.'s Resp. Mot. Dismiss at 5), the Court strikes this request as moot.

## Conclusion

For the reasons set forth above, the Court grants in part, denies in part, and strikes as moot in part defendants' motion to dismiss [22]. The motion is: (1) granted as to any Title VII, ADA, and ADEA claims plaintiff asserts against the police chief in her individual capacity, which are dismissed with prejudice, and the §§ 1981 and 1983 claims plaintiff asserts against the Village, which are dismissed without prejudice; (2) denied as to the §§ 1981 and 1983 claims plaintiff asserts against the police chief in her individual capacity; and (3) stricken as moot as to the purported punitive damages claims plaintiff asserts against the Village. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend the §§ 1981 and 1983 claims she asserts against the Village, if she can do so and comply with Rule 11. If she fails to do so, the Court will dismiss those claims with prejudice.

**SO ORDERED.**  **ENTERED: May 6, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**

3